**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

CREDIT ACCEPTANCE CORPORATION )
assignee of                                        )
FIRST CHOICE AUTO SALES INC,       )
                                                           )
                    Plaintiff,                         )
                                                           )
          v.                                             )          C.A. No. CPU4-16-003564
                                                           )
STEWART LIGGON,                            )
                                                           )
                    Defendant.                      )

Submitted: June 8, 2017
Decided: July 7, 2017

Joelle E. Polesky, Esquire                                                          Stewart Liggon
Stradley Ronon Stevens & Young, LLP                              7 Greenwich Court
1000 N. West Street, Suite 1279                                       Newark, DE 19702
Wilmington, DE 19801                                                    *Pro Se Defendant*
*Attorney for Plaintiff*

Jessica A. Kolansky, Esquire (*pro hac vice*)
Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103
*Attorney for Plaintiff*

## **ORDER**

**COME NOW**, this 5th day of July, 2017, the Court, having held a hearing on the motions on May 19, 2017 and after consideration of submissions on June 8, 2017, finds as follows:

1.        On November 22, 2016, Plaintiff/Counterclaim-Defendant Credit Acceptance Corporation ("Plaintiff") filed an action against Defendant/Counterclaim-Plaintiff Stewart

Liggon ("Defendant") for defaulting on a retail installment contract for the purchase of a 2007 Chevrolet Impala (the "Vehicle"). The contract was assigned to Plaintiff from First Choice Auto Sales, Inc. (the "Dealer").

2. On December 30, 2016, Defendant filed an Answer and Counterclaim, alleging the Vehicle was a "lemon." Defendant also claims the Dealer failed to provide him with a copy of the Vehicle's "CarFax" after requested. Additionally, Defendant claims he is the "victim of fraudulent business practices," and seeks punitive and compensatory damages against Plaintiff.

3. On January 23, 2017, Plaintiff filed the instant Motion to Dismiss and Compel Arbitration, alleging the retail installment contract Defendant signed contained a provision which requires arbitration of both Plaintiff's claim for breach of contract and Defendant's counterclaim related to the quality of the vehicle.

4. On March 3, 2017, the Court held a hearing on Plaintiff's Motion to Dismiss and Compel Arbitration, at which Defendant failed to appear. However, Defendant's mother, Elizabeth Liggon ("Ms. Liggon"), appeared attempting to represent Defendant and asserted—over objection of Plaintiff's counsel—the issue of Defendant's competency to enter into the retail installment contract. The Court passed the motions until May 19, 2017, and permitted Defendant leave to "file any motion raising the issue of competency within twenty (20) days."

5. On March 23, 2017, Ms. Liggon submitted a letter to the Court, on behalf of Defendant, stating Defendant suffers from dyslexia and cannot read. Ms. Liggon requested Defendant "be given the help he needs to understand these proceedings and anything else he

is asked to sign." Furthermore, on April 7, 2017, Ms. Liggon submitted another letter to the Court, in the form of a motion, requesting the Court appoint counsel to represent Defendant. On May 12, 2017, Plaintiff filed a Response in opposition of Ms. Liggon's motion to appoint counsel and a cross-motion to strike Ms. Liggon's motion to appoint counsel.

6.      On May 19, 2017, the Court held a hearing on Plaintiff's motion to dismiss and compel arbitration, Ms. Liggon's motion to appoint counsel, and Plaintiff's cross-motion to strike Ms. Liggon's motion to appoint counsel. At the conclusion of the hearing, the Court reserved decision, and ordered supplemental briefing.

7.      In Delaware, only attorneys admitted to the Bar of the State of Delaware or attorneys admitted *pro hac vice* may appear before the Court on behalf of another individual.[1] Any attempt by a non-attorney to appear before the Court on behalf of another is considered the unauthorized practice of law.[2] The Delaware Supreme Court has held:

> "The unauthorized practice of law is prohibited so that members of the public will receive legal representation only from a person who has demonstrated his or her competence to practice law by passing the bar examination, as well as the character and fitness examination, and who is subject to the Delaware Lawyers' Rules of Professional Responsibility."[3]

8.      In the instant matter, Ms. Liggon has filed a motion to appoint counsel on behalf of Defendant. Defendant claims Ms. Liggon performs all of his legal work because he does not understand legal proceedings.[4] Ms. Liggon is not a party to this litigation.

---

[1] *See In re Estep*, 933 A.2d 763, 766 (Del. 2007).
[2] *See id.*
[3] *Id.*
[4] Although Defendant claims he does not understand these legal proceedings, his assertion is not supported by the record. Attached to Plaintiff's supplemental briefing are dockets from several cases filed by

3

Moreover, Ms. Liggon is not an attorney admitted to the Bar of the State of Delaware—or to the Bar of any state for that matter. Therefore, when Ms. Liggon filed a motion on behalf of Defendant, she was engaging in the unauthorized practice of law, and as such the motion is not properly before the Court. Accordingly, the motion to appoint counsel filed by Ms. Liggon is **DENIED** and Plaintiff's cross-motion to strike is **GRANTED**.

9.     Plaintiff also brings a motion to dismiss and compel arbitration, arguing the Court lacks subject matter jurisdiction over this dispute because the parties' financing agreement contains a provision which provides for arbitration. Specifically, Plaintiff contends the language of the arbitration clause requires the arbitration of any disputes:

> "arising out of or in any way related to this Contract, including but not limited to, any default under this Contract . . . the purchase, sale, delivery, set-up, [or] quality of the Vehicle . . . . "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.
>
> . . .
>
> Either [Defendant] or [Plaintiff] may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit."[5]

10.     Defendant opposes Plaintiff's motion to dismiss and compel arbitration, arguing the Court should not enforce the agreement because he did not read nor comprehend the arbitration provision. In support of his position, Defendant maintains he suffers from dyslexia and only has an eleventh (11th) grade education. However, Defendant

Defendant. The record shows that Defendant has previously filed actions in the Superior Court, U.S. District Court of New Jersey, U.S. District Court of Delaware, 3rd Circuit Court of Appeals, and U.S. Bankruptcy Court. Therefore, Defendant cannot maintain ignorance of this Court's proceedings, when he is able to litigate in courts with more complex rules of civil procedure.

[5] Plaintiff's Motion Ex. A at 5.

4

concedes that he entered into the retail installment contract for the purchase of the vehicle without the assistance of Ms. Liggon—because he wanted to purchase the vehicle on his own.

11. A motion to dismiss based on an arbitration clause goes to the court's subject matter jurisdiction over the dispute and is properly reviewed under *Court of Common Pleas Civil Rule* 12(b)(1).[6] When considering such a motion, the Court may consider documents outside the complaint, including the arbitration agreement at issue.[7] In Delaware, "courts lack subject matter jurisdiction to resolve disputes that litigants have contractually agreed to arbitrate."[8] The arbitration clause in this matter is governed by the Federal Arbitration Act (the "FAA").[9] Section 2 of the FAA provides:

> "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[10]

12. Both Federal and Delaware public policy favors resolution of disputes through arbitration. As such, the Court will grant a motion to dismiss for lack of subject matter jurisdiction when the dispute clearly falls within the arbitration clause of the contract.[11] However, a party may waive their contractual right to arbitrate by actively participating in a

---

[6] *See NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC, 922 A.2d 417, 429 (Del. Ch. 2007).*
[7] *See Acierno v. New Castle County,* 2006 WL 1668370, at *1 n. 8 (Del. Ch. Jun. 8, 2006).
[8] *Id.*
[9] *See* Plaintiff's Motion Ex. A at 5.
[10] 9 U.S.C. § 2.
[11] *See NAMA Holdings, LLC,* 922 A.2d at 429; *Healy v. Silverhill Const. Co.,* 2007 WL 2769799, at *1 (Del. Com. Pl. Sept. 19, 2007).

5

lawsuit or by taking actions inconsistent with their right to arbitrate.[12] This waiver is not lightly inferred, and "the party seeking to prove a waiver of arbitration must do so by clear and convincing evidence."[13] When considering whether a party has waived its right to arbitrate, the Court must analyze three factors: (1) the amount of non-arbitration action a party takes in prosecuting or defending a claim; (2) whether the party stated that they will or will not be moving to enforce the arbitration provision; and (3) whether the nonmoving party would be prejudiced by an untimely demand for arbitration.[14]

13. In the instant matter, the retail installment contract signed by Defendant contains an agreement to arbitrate. Although Defendant claims he did not read the arbitration provision, "a party to a contract cannot silently accept its benefits and then object to its perceived disadvantages, nor can a party's failure to read a contract justify its avoidance."[15] In reviewing this agreement, I find that Plaintiff's claim for breach of contract and Defendant's counterclaim related to the quality of the vehicle clearly fall within the list of "disputes" the parties agreed to arbitrate. Therefore, the pivotal question the Court must determine is whether Plaintiff's actions in the course of this litigation evidence a clear intent to waive arbitration.

14. Plaintiff filed the instant action on November 22, 2016. On December 30, 2016, Defendant filed an answer to the complaint, as well as a counterclaim related to the quality of the vehicle. After Defendant raised a counterclaim, Plaintiff moved to pursue arbitration and filed the instant motion on January 24, 2017. The record does not show that

---

[12] *Healy,* 2007 WL 2769799, at *1.
[13] *Id.*
[14] *Healy,* 2007 WL 2769799, at *2.
[15] *Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 913 (Del. 1989).

6

the parties engaged in extensive litigation or discovery. Further, Defendant has not shown how he would be prejudiced by Plaintiff's demand for arbitration. Therefore, I find that Plaintiff has not waived its right to arbitration. Because I find that a valid arbitration agreement exists between the parties and the parties' claims fall within the scope of the agreement, Plaintiff's motion to dismiss and compel arbitration is hereby **GRANTED**. This matter is dismissed and will proceed to arbitration.

       **IT IS SO ORDERED**.


_____
                    Alex J. Smalls
                    Chief Judge